IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSHUA LEE LEMMON                                                                                   PLAINTIFF
ADC #185275

V.                          Case No. 3:24-CV-00237-DPM-BBM

SHEILA ROBERTSON, Jail Administrator,
Greene County; and JACOB WHITE, Jail
Supervisor, Greene County                                                                        DEFENDANTS

**ORDER**

**I.   INTRODUCTION**

On November 29, 2024, Plaintiff Joshua Lee Lemmon ("Lemmon"), an inmate in the Greene County Detention Center, filed a *pro se* Complaint under 42 U.S.C. § 1983. (Doc. 2). Lemmon alleges that Defendants—Jail Administrator Shelia Robertson ("Robertson") and Jail Supervisor Jacob White ("White") violated his constitutional rights. *Id*. at 1. Before Lemmon may proceed with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

**II.   ALLEGATIONS**

Lemmon alleges that he was placed in disciplinary segregation from October 30, 2024, to December 10, 2024. (Doc. 2 at 4). During that time, officers took his mat and

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

blanket for 16 hours out of every day. *Id.* He believes that being expected to lay on a solid steel bed for 16 hours every day for 42 days constitutes cruel and unusual punishment. *Id.*

Lemmon sues Defendants in their official capacity only. (Doc. 2 at 2). He seeks injunctive relief. *Id*. at 5.

### III.  INITIAL SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Lemmon's Complaint, he raises an Eighth Amendment conditions-of-confinement claim. However, there are several deficiencies in his Complaint.

#### A.  Official-Capacity Claims

First, Lemmon sues Defendants in their official capacity only. (Doc. 2 at 2). To plead a claim against Defendants in their official capacity, Lemmon must allege facts

showing that the purported constitutional violation was the result of an official Greene County policy, an unofficial custom, or a failure to train. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). Lemmon makes no such allegations. Therefore, he fails to allege sufficient facts to state a plausible official-capacity claim.

### B.     No Personal Action by Robertson or White

Assuming Lemmon sought to sue Defendants in their individual capacity, Lemmon has failed to state a claim against either Robertson or White because he does not make any allegations against them personally. Lemmon alleges that unnamed "officers" took his mat and blanket every day. (Doc. 2 at 4). In § 1983 actions, government officials are only liable for their "*own* individual actions." *Iqbal*, 556 U.S. at 676 (emphasis added). Without any facts regarding actions taken directly by Robertson or White, the allegations are far too broad and vague for the Court to determine which of these Defendants, if any, violated Lemmon's constitutional rights. As presented, Lemmon fails to state a plausible claim against the Defendants.

## IV.    OPPORTUNITY TO AMEND

The Court will allow Lemmon 30 days from the date of this Order to file an amended complaint to correct the deficiencies in his current pleading. Lemmon is placed on notice that, if he files an amended complaint, that pleading will supersede his previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his amended complaint should contain *all Defendants* he seeks to name in this matter, *all claims* he seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Lemmon seeks to maintain his official-capacity claims, he must state his basis for doing

so. If Lemmon elects not to file an amended complaint, the Court will proceed to screen his Complaint, (Doc. 2).

## V.  CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Lemmon a § 1983 complaint form that is labeled "Amended Complaint."

2. Lemmon will be allowed to file, **within thirty (30) days of the date of this Order**, an Amended Complaint containing the facts necessary to support his claims. If he elects not to file a timely Amended Complaint, the Court will screen his original Complaint, (Doc. 2).

SO ORDERED this 18th day of August, 2025.

_____
UNITED STATES MAGISTRATE JUDGE